IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANIEL ASHLEY WYNN, | : | |
| Plaintiff | : | |
| | : | CASE NO. 4:12-CV-044 -CDL - MSH |
| vs. | : | 42 U.S.C. § 1983 |
| | : | |
| OFFICER RICKS, | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court are Defendant's motion to dismiss (ECF No. 16), and Plaintiff's motion to appoint counsel (ECF No. 10), motion to remand (ECF No. 11), motion for discovery (ECF No. 12), motion for a temporary restraining order (ECF No. 19), motion to continue (ECF No. 22), and second motion to appoint counsel (ECF No. 23). As explained below, it is recommended that Plaintiff's complaint be dismissed for failure to exhaust his administrative remedies in this case. It is also recommended that Plaintiff's motion for a temporary restraining order be denied. Plaintiff's remaining pending motions should be denied as moot.

### BACKGROUND

After preliminary review, Plaintiff's only remaining claim is against Officer Ricks for a violation of his Eighth Amendment rights. Specifically, Plaintiff claims that while at Rutledge State Prison Officer Ricks made "sexual gestures" towards him, called Plaintiff "pet names," and watched Plaintiff shower while grabbing his privates. (Compl.

4.) Plaintiff does not allege that there was any physical contact between himself and the Defendant.

Defendant has moved to dismiss Plaintiff's claim contending, *inter alia*, that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (Def.'s Br. in Supp. of Mot. to Dismiss 3-5, ECF No. 16-1.) Plaintiff failed to timely respond to Defendant's motion to dismiss. (ECF No. 24.) However, because Plaintiff is currently incarcerated and proceeding *pro se*, the Court considers his response (ECF No. 24) in ruling on Defendant's motion to dismiss. Also currently pending is Plaintiff's motion for a temporary restraining order against a "Cert Officer Daniels" (ECF No. 19).

## DISCUSSION

### I.  Motion to Dismiss – Failure to exhaust administrative remedies

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule

12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

This case can be resolved at step one of the inquiry explained above. Defendant has presented evidence that Rutledge State Prison has a grievance procedure which follows the Georgia Department of Corrections Standard Operating Procedure ("SOP") on grievances. (*See* Douglas Aff. ¶¶ 4-7 & Ex. A, Nov. 13, 2012, ECF No. 16-3.) Exhaustion of the administrative procedure requires three steps: "filing of an informal grievance, filing a formal grievance, [and] filing an appeal." (Douglas Aff. ¶ 8 & Ex. A at 5-9.) The provisions on the grievance procedures explain that "any grievance alleging retaliation, misconduct or harassment is grievable regardless of the form." (Douglas Aff. Ex. A at 3.)

By the time of filing his Complaint, Plaintiff had failed to file any grievances at Rutledge State Prison. (Douglas Aff. ¶ 14.) This is consistent with Plaintiff's Complaint, wherein he admits that he did not file a grievance regarding Defendant's alleged sexual harassment because "[t]his is a sexual orientation discrimination matter/sexual harassment." (Compl. 2.) As mentioned above, the SOP on grievances specifically provides that inmates may file a grievance regarding harassment or misconduct. (Douglas Aff. Ex. A at 3.) Plaintiff merely responds by stating that his claims should go forward because he was harassed by Defendant Ricks. (Pl.'s Resp. to Def.'s Mot. to Dismiss 1.) Plaintiff states in his response that he did not timely receive notice of the motion to dismiss and asks the Court to take that delay in consideration. (*Id.* at 1-2.) The Court grants Plaintiff's request and considers his untimely response. However, there is nothing in Plaintiff's response factually that would show that Plaintiff exhausted or attempted to exhaust his administrative remedies. Consequently, Defendant's motion to dismiss should be granted.[1]

## II.   Motion for a Temporary Restraining Order

On December 11, 2012, Plaintiff moved for a temporary restraining order against a "Cert Officer Daniels" who Plaintiff has identified as a "Defendant." (Mot. for TRO 1, ECF No. 19.) Plaintiff claims that he has filed a "42 U.S.C. § 1983 Civil Action against said Defendant for reasons of neglect, harassment, and violations of constitutional rights"

---

[1] Defendant claims that Plaintiff's Complaint should also be dismissed pursuant to Federal Rules of Civil Procedure Rule 41(b) for failure to obey a court order, Rule 12(b)(6) for failure to state a claim, and Rule 12(b) for mootness and pursuant to the PLRA for lack of physical injury. (*See generally* Def.'s Br. in Supp. of Mot. to Dismiss.) Because the Court recommends dismissal for failure to exhaust, the Court does not address these remaining arguments.

and asks this Court to issue a TRO against Officer Daniels "until the Civil Action is finished." (*Id.*)  Contrary to Plaintiff's assertions, Officer Daniels is not a party to this action and there is no other Middle District of Georgia case filed by Plaintiff against Officer Daniels.  The Court has no jurisdiction to issue a TRO against a non-party to this action.[2]  *See, e.g., Shaw v. Dodson*, No. 6:04-cv-122, 2011 WL 773443 at *3 (S.D. Ga. 2011).  Consequently, it is recommended that Plaintiff's request for a TRO be denied.

## III.     Remaining pending motions

Plaintiff also currently has pending two motions to appoint counsel (ECF Nos. 10, 23), a motion to remand (ECF No. 11), a motion for discovery (ECF No. 12), and a motion to continue (ECF No. 22).  Since the Court recommends dismissing this action, it is also recommended that Plaintiff's pending motions be denied as moot.

## CONCLUSION

For the above stated reasons, Defendant's motion to dismiss (ECF No. 16) should be granted.  Plaintiff's motion for a temporary restraining order (ECF No. 19) should be denied.  Plaintiff's motion to appoint counsel (ECF No. 10), motion to remand (ECF No. 11), motion for discovery (ECF No. 12), motion to continue (ECF No. 22), and second motion to appoint counsel (ECF No. 23) should be denied as moot.

WHEREFORE, IT IS RECOMMENDED Defendant's motion to dismiss be

---

[2] This is not the type of motion contemplated by Federal Rules of Civil Procedure Rule 65(b)(1) which allows for a TRO to issue without notice to an adverse party only if (1) "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[,]" (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Plaintiff has not made an allegation that irreparable injury or harm will occur if a TRO is not issued.  This action, in which Officer Daniels is not a party, is not the proper forum for Plaintiff's motion.

GRANTED.  Additionally, Plaintiff's motion for a temporary restraining order should be DENIED.  Plaintiff's remaining pending motions should be DENIED as moot.  Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

    SO RECOMMENDED, this 29th day of January 2013.

                                      S/Stephen Hyles
                                      UNITED STATES MAGISTRATE JUDGE